**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **SONYA SAYAD**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **UNITED STATES DEPARTMENT OF** | ) |
| **HOMELAND SECURITY**, *et al*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Civil Action No. 20-cv-2333 (TSC)

## MEMORANDUM OPINION

Plaintiff Sonya Sayad is a United States citizen whose husband, an Algerian citizen, resides in Algeria.  At the time Plaintiff filed suit, she alleged that Defendants—the Department of Homeland Security ("DHS"), the United States Citizenship and Immigration Services ("USCIS"), the Department of State, the United States Embassy in El Mouradia, Algeria, and several government officials—were unlawfully withholding and delaying adjudication of a spousal visa application for her husband.  After Plaintiff filed her lawsuit, Defendants denied the pending visa application on the basis that her husband was implicated in terrorist-related activities.  Defendants argue that because they issued a final decision on the application, a decision they argue is not subject to judicial review, this lawsuit is moot and they move to dismiss it.  ECF No. 6, Def. Mot.  For the reasons explained below, the court will GRANT Defendants' motion to dismiss.

## I.      BACKGROUND

On May 27, 2018, Plaintiff, who is a U.S. citizen, filed an I-130 petition for a spousal visa for her husband, Nabil Sayad.  ECF No. 1, Compl. ¶¶ 14, 17.  Plaintiff alleges that on June

6, 2018, USCIS approved the petition and sent it to the U.S. consulate in El Mouradia, Algeria, to schedule an interview with Plaintiff's husband. *Id.* ¶¶ 19–20. State Department officials interviewed Mr. Sayad on October 2, 2019, but according to Plaintiff, the agency delayed final decision on the visa application due to security concerns under USCIS' "Controlled Application Review and Resolution Program" ("CARRP"). *Id.* ¶¶ 21, 28. In August 2020, Plaintiff, still awaiting a final decision on the visa application, filed this lawsuit.

Plaintiff alleges that Defendants violated the Administrative Procedure Act ("APA") by unlawfully withholding and unlawfully delaying agency action, *id.* ¶¶ 23–37, and violated her Fifth Amendment due process rights by failing to act on the pending application, *id.* ¶¶ 38–41.

On December 1, 2020, approximately three months after Plaintiff filed her lawsuit, a consular officer denied Mr. Sayad's visa application pursuant to the Immigration and Nationality Act § 212(a)(3)(B), 8 U.S.C. § 1182(a)(3)(B), which authorizes the government to exclude those implicated in terrorist-related activity. *See* ECF No. 6–1, Def. Mot., Ex. A.

Defendants moved to dismiss Plaintiff's lawsuit, arguing that this court lacks subject matter jurisdiction. Def. Mot. Specifically, Defendants contend that because they have issued a final decision on Plaintiff's spousal visa application, Plaintiff's claims are now moot, that the consular officer's decision is precluded from review by the consular nonreviewability doctrine, and that Plaintiff has otherwise failed to state a valid APA or Fifth Amendment claim.

## II.     LEGAL STANDARD

### A. <u>Lack of Subject Matter Jurisdiction</u>

In evaluating a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1), a court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences

that can be derived from the facts alleged."' *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). And "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (citing *Herbert v. Nat'l Acad. of Scis*., 974 F.2d 192, 197 (D.C. Cir. 1992)). The court must "grant dismissal if it lacks subject matter jurisdiction" because it is both an Article III and statutory requirement. *Xia v. Pompeo*, No. 1:14-cv-57-RCL, 2019 WL 6311912, *9 (D.D.C. Nov. 5, 2019) (citing *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003)).

Finally, a "court may appropriately dispose of a case under 12(b)(1) on mootness grounds." *Mykonos v. United States*, 59 F. Supp. 3d 100, 103–04 (D.D.C. 2014) (citing *Comm. in Solidarity with the People of El Sal. v. Sessions*, 929 F.2d 742, 744 (D.C. Cir. 1991)). Article III of the Constitution confers jurisdiction to federal courts to adjudicate "Cases" or "Controversies." U.S. Const. art. III, § 2. This case or controversy requirement extends only to "actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), and precludes courts from deciding moot cases, *Larsen v. U.S. Navy*, 525 F.3d 1, 3 (D.C. Cir. 2008). A case is "moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Munsell v. Dep't of Agriculture*, 509 F.3d 572, 581 (D.C. Cir. 2007) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). In a case where "events outrun the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot." *McBryde v. Comm. to Review*, 264 F.3d 52, 55 (D.C. Cir. 2001) (citing *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992)). "[J]urisdiction, properly acquired, may abate if the case becomes moot because (1) there is no reasonable expectation that

the alleged violation will recur, and (2) interim events have completely and irrevocably

eradicated the effects of the alleged violation." *Cnty. of Los Angeles*, 440 U.S. 625, 631 (internal

citations omitted).  "When both conditions are satisfied it may be said that the case is moot

because neither party has a legally cognizable interest in the final determination of the

underlying questions of fact and law." *Id.*

### B.  Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) for failure to state a claim "tests the legal

sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  A

complaint should provide a "short plain statement of the claim showing that the pleader is

entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The complaint must contain enough facts to state a

claim that is plausible on its face by alleging facts that, if assumed to be true, would allow the

court to draw "reasonable inference[s] that the defendant is liable for the misconduct alleged."

*Bell Atl. Co. v. Twombly*, 550 US 544, 555–56 (2007); *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C.

Cir. 2015); *Ashcroft v. Iqbal*, 556 US 662, 677–78 (2009).  The court presumes the truth of a

plaintiff's factual allegations, see *Iqbal*, 556 U.S. at 679, and construes the complaint "in favor of

the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts

alleged," *Hettinga v. United States*, 677 F.3d 471 (D.C. Cir. 2012) (internal quotation marks

omitted).

### III.    ANALYSIS

The APA requires that "within a reasonable time, each agency shall proceed to conclude

a matter presented to it" and permits a reviewing court to "compel agency action unlawfully

withheld or unreasonably delayed."  5 U.S.C. §§ 555(b), 706(1).  Plaintiff claims that Defendants

"have refused to adjudicate Plaintiff's application and to issue the requested visa application,"

Compl. ¶ 26, and "are intentionally delaying" adjudication of her and her husband's application

pursuant to CARRP, in violation of the APA, *id.* ¶ 29.  Plaintiff also alleges that Defendants'

"delay and failure to act . . . violated the due process rights of Plaintiff."  *Id.* ¶ 40.

As previously stated, approximately three months after Plaintiff filed her lawsuit, a

consular officer issued a final decision on Plaintiff's spousal visa application, denying it pursuant

to the Immigration and Nationality Act.  *See* Def. Mot., Ex. A.  Consequently, Defendants are no

longer withholding or delaying adjudication of Plaintiff's application, so there is no "live"

dispute as to those allegations, *Munsell*, 509 F.3d at 581, and there is "no meaningful relief" the

court can grant, *McBryde*, 264 F.3d at 55.  Therefore, Plaintiff's APA and due process claims,

both of which challenged a withholding and delay that Defendants have since remedied, are

moot.  *See Penn v. Blinken*, No. CV 21-1055 (TJK), 2022 WL 910525, at *3 (D.D.C. Mar. 29,

2022) (dismissing unreasonable delay claims as moot because plaintiffs' applications were

adjudicated); *Dvorak v. DHS*, No. 18-cv-1941 (DLF), 2019 WL 1491743 (D.D.C. Apr. 3, 2019)

(same); *Abbas v. DHS*, No. 1:20-cv-03192 (CJN), 2021 WL 3856625 (D.D.C. Aug. 29, 2021)

("Federal district courts routinely dismiss as moot mandamus actions requesting adjudication of

an I-130 petition once it has been adjudicated.").

In her opposition to Defendants' motion, Plaintiff does not dispute that a consular officer

issued a final decision on her spousal visa application, nor that that the doctrine of consular

nonreviewability precludes further review of that consular officer's decision.[1]  *See generally*

ECF No. 7, Pl. Opp'n.  Instead, Plaintiff argues that her claims are not moot because (1) she

---

[1] "Consular nonreviewability shields a consular official's decision to issue or withhold a visa
from judicial review, at least unless Congress says otherwise."  *Baan Rao Thai Rest. v. Pompeo*,
985 F.3d 1020, 1024 (D.C. Cir. 2021).

seeks damages for the past delay and an order declaring CARRP unconstitutional, and (2) an exception to the mootness doctrine applies.  Both arguments fall short.

First, Plaintiff argues that "this case involves a live claim for damages," Pl. Opp'n at 10, and a live challenge to the constitutionality of CARRP.  In fact, Plaintiff's Complaint does not present a claim for damages at all, and instead seeks only administrative and equitable relief.  *See* Compl., Request for Relief ¶¶ 1–8.  Moreover, damages are not available for APA or Constitutional claims.  *Al Seraji v. Wolf*, No. 19-2839 (RBW), 2020 WL 7629797, at *5 (D.D.C. Dec. 22, 2020) ("Congress has not waived the federal government's immunity from suit for claims seeking monetary damages under either the APA or the Constitution[.]").  And while Plaintiff's Complaint includes allegations that Defendants were "intentionally delaying" adjudication of her spousal visa application pursuant to CARRP, *see id.* at 28–35, a claim that is now moot, she did not allege that Defendants relied on CARRP in *adjudicating* her visa or challenge whether doing so was improper.[2]  It is a "well-established principle of law in this Circuit that a plaintiff may not amend her complaint by making new allegations in her opposition brief."  *Budik v. Ashley*, 36 F. Supp. 3d 132, 144 (D.D.C. 2014), *aff'd sub nom. Budik v. United States,* No. 14-5102, 2014 WL 6725743 (D.C. Cir. Nov. 12, 2014) (citing *Larson,* 21 F.3d 1164 at 1173-74).  Consequently, to the extent Plaintiff seeks to pivot her lawsuit from one challenging an unlawful delay (and the policy allegedly responsible) to one challenging an

---

[2] Indeed, at least one court has held that "CARRP is a USCIS policy that does not extend to the Department of State or I-130 visa applications."  *Ghadami v. U.S. Dep't of Homeland Sec.*, No. 19-0397 (ABJ), 2020 WL 1308376, at *6 (D.D.C. Mar. 19, 2020) (dismissing plaintiffs' challenge to CARRP); *see also Dastagir v. Blinken*, No. 20-cv-02286, 2021 WL 2894645, at *6 n.7 (D.D.C. July 9, 2021) (dismissing CARRP claim for failing to "set forth any factual allegations to support it.").

unlawful adjudication (and the policy allegedly responsible), she must file an amended complaint.

Second, Plaintiff contends that an exception to the mootness doctrine applies. Not so. Generally, "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.*, does not make the case moot." *United States v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953). Voluntary cessation will only moot a claim if "(1) it can be said with assurance that there is no reasonable expectation . . . that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Cnty. of Los Angeles*, 440 U.S. at 631. As for the first prong, courts in this district and other Circuits have "consistently recognized that where the defendant is a government actor—and not a private litigant—there is less concern about the recurrence of objectionable behavior." *Citizens for Resp. and Ethics in Wash. v. SEC*, 858 F. Supp. 2d 51, 61–62 (D.D.C. 2012). And regarding the second prong, Defendants' adjudication of the pending visa application has "completely and irrevocably eradicated the effects of the alleged" delay. *Cnty. of Los Angeles*, 440 U.S. at 625. Accordingly, the voluntary cessation exception to the mootness doctrine does not apply.

## IV.    CONCLUSION

For the reasons explained above, the court will GRANT Defendants' Motion to Dismiss, ECF No. 6.

Date: September 12, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge